

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED

08 APR 11 PM 12: 49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiffs,<br><br>      v.<br><br>ANDRE TYREESE LEGGETT (1),<br>DEOSSY GENE GIBBS (2)<br><br>          Defendants. | MAGISTRATE CASE NO. '08 MJ 1118<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 18, U.S.C., Section 2113(a)<br>Bank Robbery |

The undersigned complainant, being duly sworn, states:

### Count 1

On April 10, 2008, within the Southern District of California, defendants ANDRE TYREESE LEGGETT and DEOSSY GENE GIBBS, by force, violence, and by intimidation, did unlawfully take from the person and presence of an employee of Pacific Trust Bank, at 279 F Street, Chula Vista,  California, approximately $3300 in United States currency belonging to and in the care, custody, control, management and possession of the Pacific Trust Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(a).

And the complainant states that this complaint is based on the attached Probable Cause Statement incorporated herein by reference.

_____
CARLA J. CROFT, Special Agent
Federal Bureau of Investigation

SWORN TO ME AND SUBSCRIBED IN MY PRESENCE THIS 11th DAY OF APRIL 2008.

_____
RUBEN B. BROOKS
United States Magistrate Judge

AFFIDAVIT

I, Carla J. Croft, Special Agent (SA) of the Federal Bureau of Investigation (FBI), being duly sworn, depose and say:

1.  I am currently assigned to violent crimes investigations in the San Diego Field Division of the FBI.  The information contained in this affidavit is based upon my personal knowledge and on the information I have learned from reviewing official reports and speaking with other local and federal law enforcement officers.

2.  This affidavit is in support of a Complaint for ANDRE TYREESE LEGGETT, black male, date of birth May 04, 1989, for violation of Title 18 of the United States Code, Section 2113 (a), Bank Robbery.

3.  On Thursday April 10, 2008, at approximately 11:09 a.m., the affiant responded to the report of a robbery at the Pacific Trust Bank, 279 F Street, Chula Vista, California.

4.  The affiant interviewed the victim teller from Pacific Trust Bank, 279 F Street, Chula Vista, California,  who advised as follows:

a.  On April 10, 2008, as the teller was working a black male entered Pacific Trust Bank, 279 F Street, Chula Vista, California, while speaking on a cellular telephone.  The teller greeted the  black male, who was carrying two blue merchant bags.  The black male told the teller that his boss needed to speak with her and handed her the cellular telephone.

b.  Upon receiving the cellular telephone the teller heard a male voice state, "I've been watching you closely.  I know what you're doing.  If you do what I tell you, I won't hurt you or your family."  The teller handed the cellular telephone back to the black male standing in front of her.  The teller then began removing money

2

1    from her top drawer and placing the money into one of the merchant
2    bags.  The black male stated that his boss only wanted hundreds, at
3    which time the teller removed the hundreds from her second drawer as
4    well.  The black male stated that was not enough money and to provide
5    him with the fifty dollar bills as well.  The teller then provided the
6    black male with all her fifty dollar bills.  The black male exited
7    Pacific Trust Bank, 279 F Street, Chula Vista, California, through the
     north exit.
8
9         c.  The teller was contacted shortly after the robbery by
10   Chula Vista Police Officers, who took her to an area where the
11   passenger of a stopped vehicle matched the description of the bank
12   robber.  Upon viewing the passenger the teller positively identified
13   the individual as the black male who had entered Pacific Trust Bank,
14   279 F Street, Chula Vista, California, and robbed her.

15        5.  The affiant spoke with officers of the Chula Vista Police
16   Department who advised as follows:  Immediately after the report of
17   the robbery of Pacific Trust Bank, 279 F Street, Chula Vista,
18   California, undercover Chula Vista Police Officers in the area,
19   observed an individual matching the description of the bank robber get
20   into a ~~green~~ gray se Dodge Durango, back from a parking space, and turn east
21   on F Street, Chula Vista, California.  The undercover Chula Vista
22   Police Officers followed the ~~green~~ gray se Dodge Durango to the entrance ramp
23   to northbound Interstate 805 where Chula Vista Police Officers in
24   marked units performed a traffic stop.  After performing the traffic
25   stop, defendant ANDRE TYREESE LEGGETT, was found to be riding as a
26   passenger in the ~~green~~ gray se Dodge Durango getaway vehicle.  LEGGETT was
27   wearing a bright green shirt.  Co-defendant DEOSSY GENE GIBBS was
28   found to be the driver of the ~~green~~ gray se Dodge Durango getaway vehicle.

3

a.  Chula Vista Police Officers detained defendant, LEGGETT, along with the co-defendant DEOSSY GENE GIBBS, who later admitted to being the male voice on the cellular telephone used by defendant LEGGETT during the bank robbery.  During the detention, Chula Vista Police Officers brought the victim teller to the scene at the northbound entrance ramp to Interstate 805, where she provided a positive identification of LEGGETT.

b.  The blue merchant bags utilized during the robbery of Pacific Trust Bank, 279 F Street, Chula Vista, California were recovered from the gray s~ ~~green~~ Dodge Durango.

c.  Also $3300 in United States currency was recovered inside the gray s~ ~~green~~ Dodge Durango, which was the exact amount stolen during the aforementioned robbery of Pacific Trust Bank, 279 F Street, Chula Vista, California.

6.  LEGGETT, after being transported to Chula Vista Police Department, was advised of his constitutional Miranda rights.  LEGGETT advised that he understood his rights and voluntarily signed the FBI Advice of Rights form indicating he was willing to answer questions without an attorney present.  LEGGETT voluntarily advised as follows:

a.  LEGGETT had known GIBBS for approximately ten years. LEGGETT spent time with GIBBS' family and often worked odd jobs for GIBBS including yard work and moving heavy items.  Approximately two months ago, GIBBS had given LEGGETT one hundred dollars to use towards the purchase of a vehicle.  GIBBS told LEGGETT that he would have some work for him to do later in exchange for the money.

b.  On the morning of April 10, 2008, LEGGETT was at school when he received a call from GIBBS.  GIBBS asked LEGGETT if he wanted to make some money.  LEGGETT agreed to leave school and go with work

4

with GIBBS.  LEGGETT believed they would be doing work similar to what he had previously done with GIBBS.

c.  GIBBS picked up LEGGETT and they drove south.  During the drive GIBBS told LEGGETT there would be consequences for what they were going to do.  LEGGETT did not question GIBBS as to the work they were going to do or what consequences he was referring to as LEGGETT trusted GIBBS.  GIBBS asked LEGGETT if he was nervous.  LEGGETT was told that he would be paid ten racks by the end of the day.

d.  Eventually, GIBBS pulled up to Pacific Trust Bank, 279 F Street, Chula Vista, California.  LEGGETT was provided with a Boost Motorola cellular telephone, (619) 608-7044 that is owned by GIBBS and two blue money bags.  GIBBS told LEGGETT that he would call him on the cellular telephone while LEGGETT entered the bank. Once in the bank LEGGETT was to give the bags and the cellular telephone to the woman. LEGGETT entered Pacific Trust Bank, 279 F Street, Chula Vista, California, with the blue money bags and the Boost Motorola cellular telephone.

e.  LEGGETT provided the Boost Motorola cellular telephone (619) 608-7044 to the teller once inside, which had been called by GIBBS with another Boost Motorola cellular telephone (619) 722-9048. LEGGETT assumed that GIBBS was talking to the teller, however, he did not know what GIBBS was saying.  The teller put money in one of the bags and gave LEGGETT the cellular telephone.  GIBBS told LEGGETT to tell the teller that he only wanted hundred dollar bills.  LEGGETT told the teller and then told her to add the fifty dollar bills as well.

f.  LEGGETT exited Pacific Trust Bank, 279 F Street, Chula Vista, California, and reentered the gray/er ~~green~~ Dodge Durango, which was



1  stopped  shortly  thereafter  attempting  to  enter  Interstate  805

2  northbound.

3          g.    LEGGETT  was  transported  to  the  Federal  Bureau  of

4  Investigation,  San  Diego  Field  Office,  for  booking.    After  being

5  booked,  LEGGETT  requested  and  was  granted  permission  to  call  his

6  mother.  While  speaking  with  his  mother  LEGGETT  stated,  "Don't  bother

7  getting  a  lawyer.  I  did  it.  Why  waste  the  money?"

8          7.    LEGGETT  is  described  as  follows:

| | |
|---|---|
| Name: | ANDRE TYREESE LEGGETT |
| Race: | Black |
| Sex: | Male |
| Date of Birth: | May 4, 1989 |
| Social Security#: | XXX-XX-6756 |
| Height: | 6'1" |
| Weight: | 145 pounds |
| Build: | Thin |
| Hair: | Black, short |
| Residence: | 6219 Alderley Street |
| | San Diego, California |

8.    GIBBS,  after  being  transported  to  Chula  Vista  Police
Department,  was  advised  of  his  constitutional  Miranda  rights.    GIBBS
advised  that  he  understood  his  rights  and  voluntarily  signed  the  FBI
Advice  of  Rights  form  indicating  he  was  willing  to  answer  questions
without  an  attorney  present.    GIBBS  voluntarily  advised  as  follows:

a.  GIBBS  and  LEGGETT  had  begun  discussing  committing  the  robbery
of  Pacific  Trust  Bank,  279  F  Street,  Chula  Vista,  California,  a  couple
of  days  prior  to  the  actual  commission.    GIBBS  favored  the  Pacific
Trust  Bank,  279  F  Street,  Chula  Vista,  California,  after  visiting  the
bank  approximately  three  weeks  prior.

b.   On April 10, 2008, GIBBS and LEGGETT discussed the consequences of committing the bank robbery outside of ECC school, San Diego, California, where GIBBS met LEGGETT.   LEGGETT stated, "Let's go do it."   Upon agreement, GIBBS and LEGGETT drove to Pacific Trust Bank, 279 F Street, Chula Vista, California.

c.   Once parked outside Pacific Trust Bank, LEGGETT was provided with a Boost Motorola cellular telephone, (619) 608-7044 that is owned by GIBBS and two blue merchant bags.   LEGGETT entered Pacific Trust Bank, 279 F Street, Chula Vista, California, with the two blue merchant bags and the Boost Motorola cellular telephone.

d.   LEGGETT provided the Boost Motorola cellular telephone (619) 608-7044 to the teller once inside, which had been called by GIBBS with another Boost Motorola cellular telephone (619) 722-9048. GIBBS stated to the teller, "We've been watching you for awhile.   Put the money in the bag.   He's not going to hurt anybody.   Do you understand?".

e.   LEGGETT exited Pacific Trust Bank, 279 F Street, Chula Vista, California, and reentered the ~~green~~ gray c/c Dodge Durango, which was stopped shortly thereafter on the access ramp to Interstate 805 northbound.   Upon being stopped by Chula Vista Police Officers GIBBS telephoned his wife, Marcia Gibbs, stating, " Things are not right, I'm not coming home right now."

9.   GIBBS is described as follows:

| | |
|---|---|
| Name: | DEOSSY GENE GIBBS |
| Race: | Black |
| Sex: | Male |
| Date of Birth: | November 19, 1967 |
| Social Security#: | XXX-XX-0198 |
| Height: | 5'11" |



| | |
|---|---|
| Weight: | 350 pounds |
| Build: | Heavy |
| Hair: | Black, short |
| Residence: | 6260 Alderley Street |
| | San Diego, California |

10.   The affiant has confirmed that the deposits of the Pacific Trust Bank, 279 F Street, Chula Vista, California, were insured by the Federal Deposit Insurance Corporation (FDIC) at the time of the bank robbery on April 10, 2008.   The Pacific Trust Bank, 279 F Street, Chula Vista, California, incurred a loss of $3300 in United States currency as a result of that bank robbery.

11.   The foregoing information and evidence indicates that ANDRE TYREESE LEGGETT and DEOSSY GENE GIBBS, on April 10, 2008, did by force take from the person and presence of employees of Pacific Trust Bank, 279 F Street, Chula Vista, California, the deposits of which were then insured by the FDIC, approximately $3300 in United States currency, belonging to and in the care, custody, control, management, and possession of such bank.

The foregoing is true and correct to the best of my information and belief.

_____
Carla J. Croft
Special Agent, FBI

Sworn to before me and subscribed in my presence this 11th day of April, 2008, at _1:35_    a.m. p.m.

_____
Ruben B. Brooks
United States Magistrate Judge

8